IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kimberly Dandridge, | ) | Civil Action No. 6:12-cv-2559-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On April 29, 2014, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by the defendant in this action was not substantially justified. Defendant filed a response on May 15, 2014. In the response, the government asserts that the motion should be denied because its position was substantially justified. The commissioner does not contest the amount of requested fees but asserts that any fees awarded should be made payable to the plaintiff and not her attorney. Plaintiff filed a Reply on June 23, 2014, in which she responds to the Commissioner's arguments.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of showing substantial justification. Thompson v. Sullivan, 980 F.2d 280 (4th Cir. 1992). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. Pierce v. Underwood, 487 U.S. 552 (1988); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991).

The standard to be applied in determining whether the Commissioner was "substantially

justified" for purposes of determining whether award of attorney's fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984).

> The government's position must be substantially justified in both fact and law. . . In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts.   After prevailing in the underlying suit, a petitioner may rely on either a prelitigation position or a position taken during litigation as a predicate for fees.  However, where the government's unjustified prelitigation position forces the petitioner to institute the suit, the government is liable for fees for the whole suit, notwithstanding that it asserts justifiable positions in the various subsidiary disputes that may arise during litigation.

Thompson v. Sullivan, 980 F.2d at 281-282.

The defendant contends that her position was substantially justified because Magistrate Judge McDonald recommended that the ALJ's decision be affirmed and that this shows that reasonable minds could differ on the matter.  She also asserts that the ALJ reasonably pointed out that Dr. Dunovant's opinion was not supported by the objective medical findings, including his own treatment notes. Plaintiff counters that, as this Court ruled, "the ALJ failed to indicate the weight assigned to the opinion, and failed to properly evaluate the opinion using the factors set forth in the federal regulations. The issue of whether the ALJ is required to indicate the weight accorded a treating opinion is not a 'gray area' where 'reasonable minds could differ.'" (ECF No. 39, p. 5)

This court believes on the record before it that the defendant's actions were not substantially justified and that an award of attorney's fees is appropriate. An R&R favorable to the Commissioner "should be considered as evidence that could support a finding that the Commissioner's position was substantially justified.  In a totality of the circumstances test, the court would consider a favorable (R&R) as strong evidence supporting the government's defense of its position.  It is not, however, a preclusive factor."   Rowe v. Colvin, No. 3:13-cv-00573-MOC-DLH, 2015 WL 1756462, at *3

2

(W.D.N.C. April 17, 2015).  Here, the Magistrate Judge did not address the plaintiff's argument that the ALJ failed to assign a weight to the opinion of Dr. Dunovant, utilizing the factors identified in the regulations.  Therefore, the Court does not find that the government's position was substantially justified on the basis of the magistrate's recommendation to affirm the ALJ.  See Enos v. Astrue, No. 0:10-cv-02179-DCN, 2012 WL 5612438, at *2,  (D.S.C. Nov. 15, 2012) ("The government asserts that its position was substantially justified because the magistrate judge recommended  affirming the decision of the ALJ, which it contends demonstrates that reasonable minds could differ on whether the ALJ's decision was supported by substantial evidence.  However, while the magistrate judge's Report and Recommendation was thorough in other respects, it did not materially discuss whether the ALJ submitted appropriate questions to the VE . . . Thus, the court is not persuaded in this case that the government's position was substantially justified on the basis that the magistrate judge recommended affirming the ALJ's decision.")

As to the government's argument that its position was substantially justified because Dr. Dunovant's opinion was allegedly not supported by his treatment notes, the Court agrees with the plaintiff that failure to follow the regulations and assign a weight to Dr. Dunovant's opinion was not substantially justified.

On the basis of the above, the Court finds the position of the government was not substantially justified and that the plaintiff should be awarded attorney's fees pursuant to EAJA.  Therefore, the Court awards the plaintiff attorney fees in the amount of $ 5,004.25 ( 27.05 hours of attorney time x $185.00 per hour), plus $23.00 in costs and expenses.

Regarding the appropriate payee of the check, the United States Supreme Court has determined that the party and not the attorney is the prevailing party under the EAJA statute. Astrue v. Ratliff, 130

S.Ct. 2521, 2528-29 (2010). In the case at bar, the government takes the position that the decision

whether to waive the Act and accept an assignment is in the sole discretion of the government. The

plaintiff has not made any argument against this. The Court  accordingly orders that the EAJA

attorney's fee payment should be made payable to the plaintiff as the prevailing party rather than the

attorney. However, the check should be mailed to the attorney, with notice of this mailing being sent

to the plaintiff.

**IT IS SO ORDERED**.

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

May 15, 2015
Florence, South Carolina